**UNITED STATES**

v.

**Craig A. MEACE, 136 72 0762, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 85 2467.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 March 1985.

Decided 23 Aug. 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LT Rickey P. Roecker, JAGC, USNR, Appellate Defense Counsel.

LT W.A. Durling, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and DECARLO, JJ.

MITCHELL, Judge:

Appellant was convicted of conspiracy to commit wrongful appropriation, wrongful appropriation of Government property and making a false official statement by executing a disbursing Data Extraction Form which created a false entitlement to $1197.00 in another's name. Appellant contends on appeal that the military judge should have treated the false statement and wrongful appropriation offenses as multiplicious for findings purposes, citing *United States v. Baker*, 14 M.J. 361 (C.M. A.1983).

At the time *United States v. Baker* was decided the President of the United States had not adopted the civilian federal court standard enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *United States v. Baker, supra*, at 369. *See* Uberman, *Multiplicity Under the New Manual for Courts-Martial, The Army Lawyer*, June 1985 at pp. 31–46. The *Blockburger* standard was, however, adopted in the *Manual for Courts-Martial, 1984* (M.C.M. 1984). Rules for Courts-Martial (R.C.M.) 307(c)(4), 907(b)(3)(B), and 1003(c)(1)(C). While *Baker* is cited in App. 21, R.C.M., 1003, M.C.M., 1984, the citation in its context is clearly to support the adoption of the *Blockburger* standard inasmuch as the *Baker* rule was imposed by the Court of Military Appeals in absence of Presidential adoption of *Blockburger*. The context of the citation does not logically permit the conclusion that the President intended to adopt both the *Blockburger* and *Baker* standards as a tandem test for multiplicity. Appellant therefore, urges this Court to set aside a provision of the M.C.M., 1984, even though it is in conflict with neither statute nor constitutional principle. This we decline to do.

No issue has generated more prolix and futile appellate litigation than the issue of multiplicity, as appellate courts seem to constantly search for the perfect smoke,

the savor of which can only be imagined and never experienced. There can be no realistic but perfect rule of multiplicity and there comes a time when reasonable minds must decide that close is good enough, especially in a court-martial setting where the accused is sentenced on the factual window of his misconduct and not on each separate count. The esoteric theory set forth in Model Penal Code § 1.07, and *United States v. Baker,* however well intended, are not realistically workable, as witness the paucity of States which have followed that theory. We see no logical reason which compels the armed forces to follow a rule significantly different and more complex than that utilized in the civilian federal courts. *United States v. Jones,* 20 M.J. 602 (NMCMR 1985).

Applying the *Blockburger* criteria to the instant case we find the similarity of the false statement and wrongful appropriation offense ends with unity of time. Neither is a lesser offense of the other, the elements are separate, the offenses are statutorily separate, and the offenses are directed at different societal norms. We conclude that the offenses are separate for findings purposes and reject the assignment of error.

The court-martial order does not correctly set forth the pleas and findings to Charges I and II. The appellant entered pleas of guilty and was found guilty *inter alia* of conspiracy to commit wrongful appropriation and wrongful appropriation vice conspiracy to commit larceny and larceny as the court-martial order states. The court-martial order should be corrected.

The findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge COUGHLIN and Judge DECARLO concur.